**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Douglas T. MITCHELL, Defendant–Appellant.**

No. 00–4261.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

Douglas T. Mitchell appeals from his judgment of conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Mitchell pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Mitchell to 51 months of imprisonment on the bank robbery count and a consecutive 60 months of imprisonment on the firearm count. The court also sentenced Mitchell to five years of supervised release, and the court imposed a $5000 fine and a $200 special assessment. In this timely appeal, Mitchell argues that the district court improperly enhanced his sentence for reckless endangerment during flight under USSG § 3C1.2.

Upon review, we conclude that the district court properly sentenced Mitchell. This court reviews for clear error a sentencing court's findings of fact, *United States v. Middleton,* 246 F.3d 825, 844–45 (6th Cir.2001), and reviews de novo a district court's application of the facts to the Sentencing Guidelines. *Id.* at 844.

The district court properly enhanced Mitchell's sentence under § 3C1.2. That Guidelines section increases a defendant's sentence by two levels if the defendant recklessly created a substantial risk of death or serious bodily injury in the course of fleeing from a law enforcement officer. A defendant is accountable for his own conduct and for any conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused.

USSG § 3C1.2, comment. (n.5). Further, this enhancement may be based on conduct that occurred before flight or in the course of resisting arrest. USSG § 3C1.2, comment. (n.3).

Mitchell's conduct justified the § 3C1.2 enhancement. Following the bank robbery, Mitchell and his co-defendant fled in a car driven by the co-defendant. After police officers stopped the car, a detective approached the vehicle, and instructed the driver to place his hands on the dash. Instead, the co-defendant accelerated the vehicle, and it struck the detective, who fired a shot at the car's windshield. The shot hit the co-defendant in his face, and he fell into unconsciousness. Mitchell grabbed the steering wheel of the car, which continued at a high rate of speed until it crashed into a muffler shop. Mitchell immediately exited the vehicle and fled the scene. He subsequently was arrested in a nearby neighborhood.

While acknowledging that his co-defendant's conduct recklessly endangered the lives of others, Mitchell argues that his own conduct did not justify the § 3C1.2 enhancement. He asserts that he did not encourage his co-defendant to strike the detective with his car, and he merely guided the car into the muffler shop to avoid injury to any bystanders. Courts have required some active participation by the defendant before imposition of the § 3C1.2 enhancement, *see United States v. Cook*, 181 F.3d 1232, 1234–36 (11th Cir.1999), and a defendant's mere participation in criminal conduct that might foreseeably result in endangering activity is insufficient for the enhancement. *See id.*

In this case, Mitchell actively participated in the reckless conduct. While Mitchell argues that he was merely trying to guide the car after his co-defendant was shot, the pre-sentence report reveals that the car continued to proceed at a high rate of speed before its eventual crash. Further, Mitchell's flight from the car after its crash indicates his active involvement in the reckless conduct.

Accordingly, this court affirms the district court's judgment.